DA 07-0378

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 85N

IN THE MATTER OF THE ESTATE OF

THOMAS D. WILLIAMS,

     Deceased.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Pondera, Cause No. DP 2002-012
Honorable Laurie McKinnon, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

         Jeannine R. Willison (Pro Se), Conrad, Montana

     For Appellee:

         Thomas D. Williams (Pro Se), Camp Taji, Iraq

               Submitted on Briefs:  March 5, 2008

                      Decided:   March 11, 2008

Filed:

                  _____
                             Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jeannine R. Willison (Willison) appeals from the District Court's April 17, 2007 order closing the Estate of Thomas D. Williams, deceased (Estate). The court's order reflects that pursuant to § 72-3-1015, MCA (2005), the court ordered the personal representative to show cause why the Estate had not been closed, inasmuch as the Estate had been open since June 11, 2002. The court's order further observes that the personal representative, Thomas D. Williams, contacted the court telephonically from Germany indicating that the inventory had been filed; that nothing remained for distribution; and that the closing documents required under Title 72 would be forthcoming.

¶3 The Court's April 17, 2007 order also indicates that on March 5, 2007, the court issued another order for the personal representative to show cause on April 23, 2007, why the closing documents had not been filed. The trial judge's order states that she received a letter from the personal representative's commanding officer indicating that the personal representative would not be able to attend to the Estate matters until September of 2007. Upon receipt of that letter the court found, pursuant to § 72-3-1015(2), MCA, that good cause did not exist for failure to close the Estate and that the Estate would be

closed within 30 days. On June 13, 2007, Willison filed her Notice of Appeal from the aforementioned order. Subsequently, on June 28, 2007, the personal representative filed his sworn statement to close the Estate.

¶4     Willison's pro se brief is extremely difficult to follow but it appears that she is the widow of the decedent Thomas D. Williams and that the personal representative is the decedent's son. Willison contends that the Estate has been open for more than five years and that while the court directed her to receive a homestead and exempt property allowance she has not received them. Moreover, she argues that the personal representative has taken actions to preclude her from getting what she is entitled to receive. She requests this Court to grant a "rehearing" of the District Court's April 17, 2007 order.

¶5     The personal representative, who is now deployed in Iraq, states in his pro se brief that Willison was distributed what she was entitled to and that the only reason she did not get the full value of the homestead and exempt property allowances is that there was insufficient money in the Estate to pay those sums. In turn, he accuses her of lying and being greedy.

¶6     Willison's brief is replete with various factual statements and contentions that are appropriately resolved by the trial court and not this Court on appeal. Essentially, Willison is asking this Court to reopen the Estate and make factual determinations. That is not the function of this Court. *Byrum v. Andren*, 2007 MT 107, ¶ 52, 337 Mont. 167, ¶ 52, 159 P.3d 1062, ¶ 52 ("It is not this Court's task . . . to review the record with the purpose of making our own findings.") (citations omitted). Moreover, Willison cites no

3

legal authority for the relief she requests. M. R. App. P. 12(1)f. Accordingly, we conclude that Willison has failed to meet her burden of demonstrating error by the District Court.

¶7     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 internal operating rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that this appeal is without merit and that this Court is unable to provide the relief requested by Willison.

¶8     Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS